**SEA–LAND SERVICES, INC., Plaintiff,**

v.

**D.I.C., INC., David Spreen d/b/a Spreen Import & Export and John Conger, d/b/a C.E.T.S., Defendants.**

**Civ. A. No. H–81–839.**

United States District Court, S.D. Texas, Houston Division.

June 21, 1984.

Kathy Morrow, Clann & Pearson, Houston, Tex., for plaintiff.

Donald W. Callahan, Houston, Tex., for defendants.

## ORDER

McDONALD, District Judge.

Pending before the Court is the Motion for Judgment on the Pleadings Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure of Defendant David Spreen, d/b/a Spreen Import and Export, Ltd. Having considered the arguments of the parties and the applicable law, the Court finds for the reasons discussed below that the Motion should be DENIED.

*Facts*

The case at bar is a suit to recover freight charges which resulted from the shipment of certain cargos of building material from the Port of Houston, Texas, to Jeddah, Saudi Arabia. The Plaintiff, Sea-Land Service, Inc. (the carrier) filed the instant action against David Spreen, d/b/a Spreen Import and Export Ltd., the freight

forwarder ("Spreen"), John Conger, d/b/a C.E.T.S. (the shipper's agent) and D.I.C., Inc. (the shipper). Spreen argues that no genuine issue of law exists between Plaintiff and himself, and that he is entitled to judgment as a matter of law, notwithstanding any legal or factual issues which may remain among the other named Defendants and Plaintiff.

*Discussion*

■ The restrictive standard of review applicable to a Rule 12(c) Motion is well-established: a motion for judgment on the pleadings, like a motion for summary judgment, should be granted only if there is no issue of material fact, and if the pleadings show that the moving party is entitled to prevail as a matter of law. *Greenberg v. General Mills Fun Group, Inc.*, 478 F.2d 254, 256 (5th Cir.1973). Moreover, when construing a motion for judgment on the pleadings, the Court is required to assume that the allegations of fact presented by the opposing party are true, *Cash v. Commissioner of Internal Revenue*, 580 F.2d 152, 154 (5th Cir.1978), and must further view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. Wright & Miller, *Federal Practice and Procedure: Civil* § 1368 (1973).

■ Before discussing the merits of the Motion, the Court considers the Plaintiff's initial argument. The Plaintiff argues that Spreen's motion should be denied on the grounds that the motion is not timely filed. On July 25, 1983, the Court entered a superseding Docket Control Order setting November 23, 1983 as the motion cut-off date. The Court's order specifically provides that "no motions will be considered after this date except for good cause shown." The instant Motion was filed on May 16, 1984, nearly seven months after the motion cut-off date. The Defendant offers the Court no explanation or showing of "good cause" why on the eve of trial the motion should be considered. Fed.R.Civ.P. 12(c) permits a party to move for judgment

on the pleadings at any time after the pleadings are closed provided that such a motion will not delay trial of the matter. The pleadings in this matter were closed on November 5, 1981 and therefore, Spreen has had ample opportunity to challenge the sufficiency of the Complaint. Based upon the posture of the case, the Court agrees with the plaintiff that the Defendant's Motion is untimely and should be DENIED.

■ Even if the Motion were timely, the Court would deny it on its merits. Spreen argues that the Complaint acknowledges in Paragraph VIII that Spreen is a "freight forwarder" and pleads only that "said Defendant, David Spreen, agreed and is otherwise obligated to pay the ocean freight charges." Therefore, Spreen argues that as an independent freight forwarder he is not liable to the carrier for the outstanding freight charges unless the shipper exercised such control over the actions of the forwarder that the actions of the forwarder should be attributed to the shipper. *Strachan Shipping Co. v. Dresser Indus. Inc.*, 701 F.2d 483, 489 (5th Cir.1983).

The Court does not disagree with the Defendant's reading of *Strachan Shipping*. Rather, the Court considers that the legal conclusions of the Defendant are based upon factual assumptions not supported by the record. Spreen may not be liable for the outstanding freight charges depending upon whether he can establish the following: D.I.C. did not exercise control of the manner in which Spreen performed his duties such that Spreen's action can be attributed to D.I.C. However, the resolution of this matter conclusions raise material issues of fact contested by the Plaintiff which should be reserved for trial. Clearly, Spreen has failed to establish at this stage that he is entitled to judgment as a matter of law. Therefore the Motion for Judgment on the Pleadings is DENIED.

Accordingly, it is ORDERED, ADJUDGED, and DECREED that Spreen's Motion for Judgment be and hereby is DENIED.