## GOVERNMENT EMPLOYEES INSURANCE COMPANY, Plaintiff,

v.

## Linward C. McGINTY, and Shelley Gates, Individually and as Next Friend of D. Gates, a Minor, Defendants.

### Civ. A. No. W-93-CA-178.

United States District Court, W.D. Texas, Waco Division.

Sept. 9, 1993.

M. Gregory Marks, Veronica M. Bates and Alissa K. Kirksey, Dallas, TX, for plaintiff.

F.B. Harvie, Jr., Waco, TX, for defendant McGinty.

Karen Beasley Lukin, Houston, TX, for defendant Gates.

### ORDER

WALTER S. SMITH, Jr., District Judge.

Came on to be considered Government Employees Insurance Company's ("GEICO") Motion for Summary Judgment, and all Responses and Replies.

### I. Background

This declaratory judgment action arose out of an underlying state civil suit in which Shelly Gates, Individually and as Next Friend of D. Gates, a Minor, sued Linward C. McGinty and the Estate of Connie McGinty. This underlying action alleges that Linward McGinty sexually molested D. Gates between four and nine times from May 1990 until on or about December 1, 1990, and at least once from approximately December 1, 1990 to December 31, 1990. The present federal action is to determine whether GEICO is liable under a homeowner's policy for alleged negligent acts of both Linward and Connie McGinty. Connie McGinty died prior to the issuance of the insurance policy in dispute. GEICO alleges that as a matter of law it has no duty to defend or indemnify McGinty in this action.

### II. Summary Judgment

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment bears an "exacting burden of demonstrating that there is no actual dispute as to any material fact in the case." *Impossible Electronics Techniques, Inc. v. Wackenhut Protective Systems, Inc.*, 669 F.2d 1026, 1031 (5th Cir.1982).

In determining whether the movant has met its burden, the Court must view the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment. *See id.* at 1031. All reasonable doubts as to the existence of a genuine issue of material fact must be resolved against the movant. *See id.* at 1031; *Jones v. Western Geophysical Co.*, 669 F.2d 280, 283 (5th Cir.1982). When determining whether to grant summary judgment, the Court is merely determining whether a factual dispute exists and is not required to resolve those disputes. *See Jones*, 669 F.2d at 283. The fact that it appears to the Court that the non-movant party is unlikely to prevail at trial or that the movant's statement of facts appears more plausible is not a reason to grant summary judgment. *See id.* at 283.

Once the movant has shown the absence of material factual issues, the opposing party has a duty to respond with any factual assertion that would preclude summary judgment. *See Cleckner v. Republic Van & Storage Co.*, 556 F.2d 766, 771 (5th Cir.1977). Rule 56(e) of the Federal Rules of Civil Procedure provides that "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." FED. R.CIV.P. 56(c). In this respect, the burden on the non-moving party is not especially heavy; however, he must show specific facts that present a genuine issue of material fact worthy of trial rather than showing mere general allegations. *See Gossett v. Du–Ra–Kel Corp.*, 569 F.2d 869, 872 (5th Cir.1978).

## III. Discussion

GEICO first argues that it is not liable under the insurance policy as a matter of law because intentional harm is not covered by the policy. GEICO cites *Maayeh v. Trinity Lloyds Ins. Co.*, 850 S.W.2d 193 (Tex.App.— Dallas 1992, n.w.h.) for the proposition that intent to harm can be inferred as a matter of law in cases of sexual molestation of a child. Defendants argue that McGinty's conduct was negligent, not intentional, and that *State Farm & Casualty Co. v. S.S. and G.W.*, 858 S.W.2d 374 (1993), overruled the holding in *Maayeh.*

This Court is of the opinion that intent to harm can be inferred in cases of sexual molestation of a child. Therefore, GEICO is not liable under the policy because of the intentional injury exclusion. The Defendants reliance upon *State Farm* is misplaced.

*State Farm* involved the applicability of the intentional injury exclusion of a homeowner's policy to a claim resulting from the transmission of genital herpes between two adults. S.S. contacted genital herpes after engaging in consensual sexual intercourse with G.W. at his home. G.W. did not inform S.S. that he had genital herpes, and she sued him for damages. G.W. notified State Farm of the claim, and State Farm brought a declaratory judgment action seeking a declaration of non-liability. The Texas Supreme Court, in finding that the transmission of genital herpes is not an intentional injury, focused upon the meaning of intent, and the distinction between an intentional act and an intentional injury. The Court, quoting Prosser, held:

> Intent is broader than a desire or purpose to bring about physical results. It extends not only to those consequences which are desired, but also to those which the actor believes are substantially certain to follow from what the actor does.... The mere knowledge and appreciation of a risk— something short of substantial certainty— is not intent [but may be negligence]. [T]he distinction between intent and negligence obviously is a matter of degree. The line has been drawn by the courts at the point where the known danger ceases to be only a foreseeable risk which a rea-

sonable person would avoid, and becomes in the mind of the actor a substantial certainty.

*State Farm,* 858 S.W.2d at 378.

Based upon this definition of intent, the Court concluded that the summary judgment evidence did not establish that G.W. acted with intent to cause bodily injury (although he did intentionally engage in sexual intercourse). This was because the evidence indicated that G.W. was unaware that he could transmit the disease without active lesions. Therefore, G.W. did not know with substantial certainty that his actions would infect S.S., thereby causing an injury.

The present case is wholly distinguishable in that it involves sexual molestation of a child, not consensual sex between adults which results in a sexually transmitted disease. In *Maayeh*, the Dallas Court of Appeals was confronted with the same circumstances. The Court discussed the Austin Court of Appeals' holding in *State Farm* (which was subsequently affirmed by the Texas Supreme Court), and noted the distinguishing facts: "Perhaps the man in *State Farm* did not fully recognize the potential for harm from his actions, but the same cannot be said for an individual who molests a child. Such actions are substantially certain to cause injury to the child." *Maayeh* 850 S.W.2d at 196. This holding is consistent with the majority of other jurisdictions which have inferred an intent to injure as a matter of law in cases involving sexual contact with a child. *Id.; see also* Plaintiff's Motion and Brief at 8–9 n. 3. Several federal district courts have reached similar conclusions. *See, e.g., Commercial Union Insurance Co. v. Roberts*, 815 F.Supp. 1006 (W.D.Tex.1992).

Based upon the summary judgment evidence before the Court, intent can be inferred as a matter of law because of McGinty's alleged sexual molestation of D. Gates. Therefore, the intentional injury exclusion of the homeowner's policy is triggered, and GEICO is not liable to the insured as a matter of law.

The Defendants' argument that certain allegations of negligence should preclude summary judgment misses the point. Intent is

*inferred* as a matter of law irrespective of the pleadings in the underlying action. This is because the core of the lawsuit revolves around allegations of sexual molestation of a child. Thus while some of McGinty's actions might technically be characterized as "negligence," his actions were *substantially certain* to cause *injury* to the child, and therefore intent can be inferred.

The Defendants' additional argument that *Maayeh* ignored the distinction between intent to injure and intent to act lacks merit. Even assuming arguendo that such an analysis was not employed by the Court in *Maayeh,* this Court expressly holds that based upon the summary judgment evidence, McGinty's actions constitute an intent to injure.

Moreover, the Defendants' repeated references to Dr. Silverman's testimony that McGinty's actions were negligent is totally irrelevant. Surely the Defendants are not so bold as to suggest that this Court is bound to accept a psychologist's opinion as to what constitutes negligence, a pure legal question. Therefore, based upon the facts of this particular case, the Court is of the opinion that intent can be inferred as a matter of law, and summary judgment is appropriate. The Defendants' pleading tactics in the underlying action cannot avoid such. Accordingly, it is

**ORDERED** that GEICO's Motion for Summary Judgment is **GRANTED.** It is further

**ORDERED** that this case is **DISMISSED WITH PREJUDICE.** It is further

**ORDERED** that all pending motions not previously ruled on are **DENIED** as moot.