**ALLSTATE INSURANCE CO.**

v.

**Jim A. MAULDIN, et al.**

**No. MO–94–CA–098–F.**

United States District Court,
W.D. Texas,
Midland–Odessa Division.

Dec. 5, 1994.

Peter J. Valeta, Jeffrey A. Berman, Ross & Hardies, Chicago, IL, Robert Benton Weathersby, Dennis N. Ryan, Jackson & Walker, L.L.P., Dallas, TX, for plaintiff.

Matthew Blair, Midland, TX, for Jim A. Mauldin.

H. Thomas Hirsch, Hirsch, Stroder & Hobbs, Odessa, TX, for Michael Ralston and Leslie Ralston.

## ORDER REGARDING FINDINGS AND RECOMMENDATION

FURGESON, District Judge.

On this day, the Court considered the Proposed Findings of Fact and Recommendations filed by United States Magistrate Louis Guirola on October 24, 1994, regarding Plaintiff's Motion for Judgment on the Pleadings in the above-captioned cause. The findings are that Plaintiff Allstate Insurance Co. is under no duty to defend or indemnify Defendant Jim A. Mauldin for his intentional acts of alleged sexual molestation of a child. The recommendation is that, since Plaintiff's Motion for Judgment on the Pleadings is well-taken, its Declaratory Judgment should be granted. The Court is of the opinion that both the findings and recommendation should be adopted.

Accordingly, it is ORDERED that the Proposed Findings of Fact and Recommenda-

tions are hereby adopted. Plaintiff's Motion for Judgment on the Pleadings is GRANTED and declaratory judgment is ORDERED.

### PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

GUIROLA, United States Magistrate Judge.

BEFORE THIS COURT is the Motion of the Plaintiff, Allstate Insurance Company for Judgment on the Pleadings pursuant to FED. R.CIV.P. 12(c). Defendants have filed a timely response as well as their own Motion for Judgment on the Pleadings. Having considered the Motions, briefs of counsel and the relevant legal authority this Court is of the opinion that Plaintiff's Motion is well taken and should be granted.

### FACTS AND PROCEDURAL HISTORY

Michael Ralston and Leslie Ralston (Ralstons) are the parents of a minor child. They instituted a civil cause of action against Jim A. Mauldin for sexual molestation of their child. The complaint alleges both intentional acts and negligent failure on the part of Mauldin to obtain treatment for pedophilia. At the time he was alleged to have engaged in the acts which are the gravamen of the pending lawsuit with the Ralstons, Mauldin had a homeowners insurance policy issued by Allstate Insurance Company (Allstate).

Allstate brought this action under 28 U.S.C. § 2201 seeking a declaration that it is not obligated to defend or indemnify Mauldin for the claims brought by the minor child. Allstate contends in its instant Motion for Judgment on the Pleadings that the policy excludes Mauldin's intentional acts and that any damages suffered by the minor child are not the result of an "accident" or "occurrence".

■ While the Ralstons confess that Mauldin's intentional acts are excluded from the policy, they argue that Mauldin negligent failure to seek treatment for pedophilia is a concurrent cause of the minor child's damages. Thus, whether damages are the result Mauldin's intentional or negligent act is a disputed factual issue which the Ralstons contend precludes judgment on the pleadings.

### DISCUSSION

A motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c), like a motion for summary judgment, should be granted only if there is no issue of material fact, and if the pleadings show that the moving party is entitled to prevail as a matter of law. *Greenberg v. General Mills Fun Group, Inc.*, 478 F.2d 254, 256 (5th Cir.1973). When construing a motion for judgment on the pleadings, the Court is required to assume that the allegations of fact presented by the opposing party are true, and must further view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Sea–Land Services, Inc. v. D.I.C., Inc.*, 102 F.R.D. 252, 253 (S.D.Tex.1984).

■ Under Texas law, courts afford coverage for fortuitous damages but deny coverage when damages are the natural and probable consequences of intentional conduct. *Meridian Oil Production, Inc. v. Hartford Accident and Indemnity Company*, 27 F.3d 150 (5th Cir.1994).

Concurrent causation occurs where two separate and independent acts or instrumentalities—one covered and the other excluded by the policy—concurrently cause an injury. *Duncanville Diagnostic Center, Inc. v. Atlantic Lloyd's Insurance Company of Texas*, 875 S.W.2d 788 (Tex.Ct.App.1994). In *Commercial Union Insurance Company v. Roberts*, 7 F.3d 86 (5th Cir.1993) a civil action was brought against a doctor by the family of two sexually molested children. The lawsuit alleged alternative theories of intentional misconduct and failure to obtain treatment for pedophilia. In holding that the insurer was not obligated to indemnify or defend insured, the court stated:

Each and every allegation arises out of the alleged acts of sexual molestation. The claims of negligence are not independent causes-in-fact of the injuries. Finding a separate and distinct duty to defend Dr. Roberts would necessarily require

480

proof of the underlying sexual molestation. *Id.* at 88.

... in the instant case, the allegations are not severable and distinct. Dr. Roberts' intentional acts and his negligent acts converge. The allegations are not mutually exclusive; rather, they are related and interdependent. Without the underlying sexual molestation there would have been no injury and obviously, no basis for a suit against Dr. Roberts for negligence. *Id.* at 89.

■ According to the Ralstons, the *Commercial Union* decision can be distinguished since "the issue of coverage where the tortfeasor was incapable of forming intent by virtue of a mental disease was neither addressed nor decided".[1] This argument is unpersuasive. Under Texas law, in cases of sexual molestation, intent may be inferred as a matter of law. "Where intent to injure is inferred as a matter of law from the nature of the act committed, the insured's subjective intent does not matter." *Id.* at 87; *see also Government Employees Insurance Company v. McGinty,* 832 F.Supp. 1092 (W.D.Texas 1993); *Maayeh v. Trinity Lloyds Ins. Co.,* 850 S.W.2d 193 (Tex.Civ.App.1992).

The Ralston's claims of Mauldin's negligent failure to seek or obtain treatment for pedophilia are not independent causes-in-fact of the minor child's injuries. Allstate is under no duty to defend or indemnify Mauldin for intentional acts excluded from coverage under the policy.

### RECOMMENDATION

Having considered Plaintiff's Motion for Judgment on the Pleadings pursuant to FED. R.CIV.P. 12(c), Defendant's Response, the pleadings, and the relevant law, it is the opinion of the undersigned United States Magistrate Judge that said Motion is well taken. Plaintiff should therefore be **GRANTED DECLARATORY JUDGMENT** in this cause as a matter of law.

Signed this the 24th day of October, 1994.

---

1. Defendant's Response to Plaintiff's Motion for    Judgment on the Pleadings, pg. 6.