NO. 12-01-00043-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS




THOMAS S. MACKIE,
§
 APPEAL FROM THE 

APPELLANT


V.
§
 COUNTY COURT AT LAW OF


DAVID T. GUTHRIE,

APPELLEE
§
 SMITH COUNTY, TEXAS






 

 Thomas S. Mackie ("Mackie") has filed a motion for rehearing. Mackie's motion for
rehearing is denied. The opinion of September 5, 2001 is hereby withdrawn and the following
opinion is substituted in its place.

 Mackie appeals the trial court's order granting final summary judgment and award of
attorneys' fees in favor of Appellee, David T. Guthrie ("Guthrie"). Mackie raises three issues on
appeal. We affirm.


Background

 Guthrie was the owner of one hundred percent of the outstanding capital stock of Reliable
Gas Company, Inc. ("Reliable"), a Texas Corporation. Guthrie, who was interested in selling the
assets of Reliable, was approached by Mackie, who, at the time, was a representative for Redmond-Derks, L.L.C. ("Redmond-Derks"). On November 14, 1996, Reliable and Redmond-Derks entered
into an agreement whereby Redmond-Derks would introduce prospective buyers to Guthrie as a
representative of Reliable and if Reliable was sold or if a similar business arrangement was entered
into between Reliable and such a prospective buyer, then Reliable agreed to pay Redmond-Derks
five percent of the purchase price (the "Redmond-Derks Contract"). The Redmond-Derks Contract
set forth that Mackie remained obligated to provide assistance in all phases of the subject transaction,
including closing. Although Guthrie executed this agreement on behalf of Reliable, it is unclear
whether the Redmond-Derks Contract was ever executed by a representative of Redmond-Derks. 
On March 6, 1997, Mackie delivered a new intermediary agreement containing almost identical
terms as the Redmond-Derks Contract (the "Mackie Contract"). However, the Mackie Contract
omitted reference to Redmond-Derks and listed the parties as Reliable and Mackie. (1)

 In July 1997, Mallory Propane Company ("Mallory") entered into negotiations with Reliable
for the purchase of its assets and the purchase of Guthrie's Smith County real estate. (2) However, the
discussions did not bear fruit and on August 11, 1997, notice was sent to Redmond-Derks
terminating the Redmond-Derks contract. Following the termination of the Redmond-Derks
Contract, Mallory attempted to renew its previous negotiations with Reliable.

 On January 20, 1998, Mackie filed for Chapter 7 relief under the Bankruptcy Code. (3) Neither
the Mackie Contract nor any commission due thereunder was listed in any of Mackie's bankruptcy
schedules. Further, Mackie's bankruptcy Schedule G indicates that Mackie claimed no executory
contracts.

 Following Mackie's bankruptcy filing, Guthrie entered into negotiations with the owner of
Mallory, Stanley Mallory, individually, for the sale of Guthrie's stock in Reliable and the sale of
Guthrie's home. Negotiations were successful and Guthrie and his wife executed and delivered to
Stanley Mallory a contract for the sale of Reliable Stock and certain real property including
approximately 8.375 acres of land, which was owned by Guthrie as his separate property. Guthrie's
pleadings indicate that in connection with the sale, Guthrie agreed to indemnify and hold Mallory
harmless of and from claims and causes of action that could potentially be asserted by Mackie. The
sale of the real estate and Reliable stock by Guthrie to Stanley Mallory was closed on March 31,
1998.

 On October 14, 1998, Mackie submitted written demand to Stanley Mallory for $40,000.00,
and provided a copy to Guthrie. On November 16, 1998, Guthrie received a demand letter from an
attorney acting on behalf of Mackie for $40,000.00. In response, Guthrie filed the instant lawsuit
seeking a declaratory judgment determining his liability, if any, arising under the terms of the
Redmond-Derks Contract and/or the Mackie Contract. Guthrie asked the court to declare the Mackie
Contract void, unenforceable, canceled, terminated and/or non-existent because (a) it was executed
under false pretenses, (b) Mackie failed to perform pursuant to the terms of the agreement, (c) the
agreement was terminated by written notice on August 18, 1997, (d) Mackie was judicially estopped
from asserting the existence of any rights or claims under the terms of the Mackie Contract, and/or
(e) the contract, if any, was not assumed within sixty days of the date Mackie filed Bankruptcy. 
Mackie filed an original answer asserting a general denial and a counterclaim against Guthrie for
$40,000.00 and attorney's fees alleging that he had earned his commission upon his introduction to
Reliable of Mallory, which had purchased Reliable's business for $800,000.00.

 During the course of discovery, Guthrie served Mackie with requests for admission, to which
Mackie failed to timely respond. Subsequently, Guthrie filed a motion for summary judgment and
a no-evidence motion for summary judgment. Mackie failed to timely respond to Guthrie's motions
and after a period of approximately three months, the trial court entered an order granting final
summary judgment in favor of Guthrie and dismissed Mackie's counterclaim. (4)


Standing versus Capacity

 In his first issue, Mackie claims that the trial court erred in granting summary judgment in
Guthrie's favor because Guthrie, who was not an interested party to the Mackie Contract, had no
justiciable interest under the agreement. Mackie claims that Reliable, as the party to the Mackie
Contract, is the only party with a justiciable interest.

 A plaintiff has standing when it is personally aggrieved, regardless of whether it is acting
with legal authority; a party has capacity when it has the legal authority to act, regardless of whether
it has a justiciable interest in the controversy." See Nootsie, Ltd. v. Williamson County Appraisal
District, 925 S.W.2d 659, 661 (Tex. 1996) (emphasis original). Standing is jurisdictional and can
be raised for the first time on appeal. See Texas Association of Business v. Texas Air Control
Board, 852 S.W.2d 440, 446 (Tex. 1993). Capacity is not jurisdictional and may be waived. See
Nootsie, 925 S.W.2d at 662.

 In his brief, Mackie argues that Guthrie has no justiciable interest. However, the sole genesis
of Mackie's claim is his contention that "[Guthrie, as] a corporate stockholder[,] cannot recover
damages personally for a wrong done solely to the corporation, even though he may be injured by
that wrong." In other words, Mackie argues that Guthrie, as an individual shareholder, was without
authority to act, irrespective of whether he was aggrieved. See Nootsie, 925 S.W.2d at 661. 
Although Mackie now couches his argument, which he makes for the first time on appeal, in terms
of standing, the underlying facts upon which Mackie bases his contention are inescapably related to
the issue of capacity. (5) Id. Neither of the cases Mackie cites in his brief involve a factual scenario
and procedural posture analogous to those present in the instant case. (6)

 A pleading contending that the plaintiff is not entitled to recover in the capacity in which he
sues is required to be verified by affidavit. See Tex.R. Civ. P. 93(2). Parties who do not follow the
mandate of Rule 93 waive any right to complain about the matter on appeal. See Nootsie, 925
S.W.2d at 662. In the case at hand, Mackie's answer does not raise such a defense, nor is his answer
verified by an affidavit. Thus, we conclude that irrespective of Mackie's characterization of his
argument, Mackie has waived his right to raise the issue of Guthrie's capacity to bring suit because
he failed to file a sworn pleading in accordance with Texas Rule of Civil Procedure 93(2). Mackie's
first issue is overruled.


Standing

 However, an appellate court may consider standing on its own motion. See Texas
Association of Business, 852 S.W.2d at 446. When we consider the issue of standing for the first
time on appeal sua sponte, we must construe the plaintiff's petition in his favor, and if necessary,
review the entire record to determine if any evidence supports standing. Id. The general test for
standing in Texas requires that there (1) shall be a real controversy between the parties, which (b)
will be actually determined by the judicial declaration sought. See Nootsie, 925 S.W.2d at 662,
citing Texas Association of Business, 852 S.W.2d at 446. A controversy is justiciable only if there
exists a real and substantial controversy involving a genuine conflict of tangible interests and not
merely a theoretical dispute. See Bonham State Bank v. Beadle, 907 S.W.2d 465, 467 (Tex. 1995). 
In the instant case, Guthrie's alleges in this petition that in connection with the sale of Reliable stock
and real estate to Mallory, Guthrie agreed to indemnify and hold Stanley Mallory harmless of and
from claims and causes of action that could potentially be asserted by Mackie. The record further
reflects that on October 14, 1998, Mackie submitted written demand to Stanley Mallory for
$40,000.00, and provided a copy to Guthrie. Were Mackie to file suit against Mallory and prevail,
under the indemnification agreement, Guthrie would be liable. Moreover, on November 16, 1998,
a demand letter from an attorney acting on behalf of Mackie was sent to Guthrie personally for
$40,000.00. Mackie's demands ultimately manifested themselves in Mackie's counterclaim against
Guthrie. We hold that these facts constitute a real and substantial controversy involving a genuine
conflict of Mackie and Guthrie's tangible interests and is not merely a theoretical dispute.

 Next, we consider whether the controversy will be actually determined by the judicial
declaration sought. See Nootsie, 925 S.W.2d at 662. In his petition, Guthrie asked for a judicial
declaration that the Mackie Contract was void, unenforceable, canceled, terminated and/or non-existent because (a) it was executed under false pretenses, (b) Mackie failed to perform pursuant to
the terms of the agreement, (c) the agreement was terminated by written notice on August 18, 1997,
(d) Mackie was judicially estopped from asserting the existence of any rights or claims under the
terms of the Mackie Contract, and/or (e) the contract, if any, was not assumed within sixty days of
the date Mackie filed Bankruptcy. It is helpful to our analysis that Mackie filed a counterclaim
which details the nature of the controversy. In his counterclaim, Mackie contends that Guthrie, as
owner, president and person in control of Reliable was liable to Mackie pursuant to the terms of the
Mackie Contract. Any one of the judicial determinations sought by Guthrie would have the effect
of preventing Mackie's recovery under the Mackie contract. As such, we hold that the controversy
between Mackie and Guthrie will be actually determined by the judicial declaration sought. 
Therefore, we hold that Guthrie has standing.


Summary Judgment Evidence

 In his second issue, Mackie contends that the trial court erred in granting a declaratory
judgment in favor of Guthrie because there was no summary judgment evidence of any agreement
to which Mackie is a party. Generally, a non-movant to a motion for summary judgment who fails
to respond, may not raise disputed factual issues on appeal. See Yancy v. City of Tyler, 836 S.W.2d
337, 341 (Tex. App.- Tyler 1992, writ denied). However, the movant must still establish its
entitlement to a summary judgment on the issues by conclusively proving all essential elements of
its cause of action as a matter of law. See City of Houston v. Clear Creek Basin Authority, 589
S.W.2d 671, 678 (Tex. 1979). Consequently, a non-movant need not respond to the motion for
summary judgment to contend on appeal that the grounds expressly presented to the trial court by
the motion are insufficient as a matter of law to support summary judgment. Id.  Mackie divides his
second issue into four separate sub-issues making 'no evidence' legal sufficiency challenges to the
trial court's findings. Each of Mackie's sub-issues will be addressed individually below.

 Mackie first argues that there was no pleading or proof of any agreement between Mackie
and Guthrie in Guthrie's individual capacity. Mackie reiterates the distinction between Guthrie
individually and Reliable, arguing that it was erroneous for the trial court to find that there was an
agreement between Mackie and Guthrie "suitable for a declaratory judgment." Mackie's argument
simply rehashes the same contention raised in his first issue, which we have held was waived by
Mackie's failure to properly raise this issue by verified pleadings pursuant to Texas Rule of Civil
Procedure 93(2).

 Mackie next argues that the trial court's finding of any agreement involving Mackie is
erroneous because Guthrie failed to make the Mackie Contract part of the summary judgment record. 
However, in its order granting final summary judgment, the trial court specifically found that "the
summary judgment evidence supports and establishes as a matter of law that the contract (if any
existed) between Plaintiff and Defendant was terminated by written notice on or about August 18,
1997...." Thus, the trial court did not make a finding that there was a contract. Rather, the trial court
found that the existence of a contract was immaterial because if indeed a contract did exist, it was
subsequently terminated.

 Mackie further contends the trial court's finding that the agreement between Plaintiff and
Defendant was terminated by written notice on or about August 18, 1997 is unsupported by any
competent summary judgment evidence. Mackie's basis for his contention are twofold. First,
Mackie reiterates his argument that there was no contract with Guthrie in his individual capacity. 
We reiterate that Mackie has waived this issue on appeal. See Tex. R. Civ. P. 93(2). Second,
Mackie contends that the written notice referred to by Guthrie is not attached as an exhibit to his
affidavit and that Guthrie's statement that the agreements were "terminated" is a legal conclusion
that will not support summary judgment. However, there is evidence that "any agreement between
Mackie and Guthrie or between Mackie and Reliable was terminated by written notice on or about
August 18, 1997." Such evidence took the form of a deemed admission, which is competent
summary judgment evidence. See Tex. R. Civ. P. 166a(c). Thus, despite the fact that no written
notice of termination was attached to Guthrie's affidavit, there existed competent summary judgment
evidence to support the trial court's finding on this issue.

 Mackie finally contends that there is no competent summary judgment evidence concerning
what effect, if any, Mackie's bankruptcy had on Guthrie's (or Reliable's) rights in this case. 
However, the trial court did not make specific findings with regard to the effect, if any, Mackie's
bankruptcy had on the party's rights in this case. Rather, the only finding the trial court made
apparently relating to Mackie's bankruptcy was that the agreement between Guthrie and Mackie "(if
any existed) was not assumed within sixty (60) days of the date [Mackie] filed his petition in
bankruptcy." See, e.g., 11 U.S.C. § 365(g) (West Supp. 2001). Our review of the summary
judgment evidence indicates that there is a deemed admission that "Mackie did not assume any
agreement with [Reliable] or Guthrie within the time required by 11 U.S.C. § 365(d)(1)." We
conclude that the trial court's finding related to the Mackie's bankruptcy is supported by
uncontroverted evidence, and inasmuch as the trial court made no finding with regard to the effect
of Mackie's bankruptcy, the absence of evidence on such an issue is irrelevant. Therefore, Mackie's
final contention on this issue is without merit and Mackie's second issue is overruled. 


Attorney's Fees

 In his third issue, Mackie claims that the trial court erred in awarding attorney's fees to
Guthrie because Guthrie had no justiciable interest, and thus, was not entitled to a declaratory
judgment. As set forth above, Mackie has waived this issue on appeal. See Tex. R. Civ. P. 93(2). 
Mackie's third issue is overruled. Further, having reviewed the issue of standing sua sponte, we
concluded that Guthrie does have standing.

 Accordingly, the judgment of the trial court is affirmed.


 LEONARD DAVIS 

 Chief Justice



Opinion delivered November 19, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.


(PUBLISH)
1. In his original petition, Guthrie pleads that although his signature appears on the Mackie contract, he does
not recall ever signing such an agreement.
2. While Guthrie does not seem to directly contest the implication that Mackie had a hand in bringing
Reliable and Mallory together for the purposes of negotiations, Guthrie alleges in his original petition that he and
Stanley Mallory had been acquaintances for many years.
3. Mackie's bankruptcy case is styled In re: Thomas Sterling Mackie, Debtor; Case No. 398-30556-RCM-7; in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division.
4. Mackie does not challenge the dismissal of his counterclaim on appeal.
5. If the issue of standing could be legitimately raised by a claim that a sole shareholder of a corporation
could not bring suit on a contract entered into between that corporation and a third party, the result would render
Texas Rule of Civil Procedure 93(2) useless. Rule 93(2), provides for waiver in the instance of a litigants failure to
make a sworn pleading. However, Rule 93(2) could be easily bypassed because a defendant would simply be able to
base its claim of lack of standing, which cannot be waived, on an argument grounded in capacity, which can be
waived.
6. Mackie cites J.E.M. v. Fidelity & Casualty Company of New York, 928 S.W.2d 668 (Tex.App.-Houston
[1st Dist.] 1996, no writ) and Wingate v. Hajdik, 795S.W.2d 717 (Tex. 1990). Wingate does not address the issue
of standing, nor do the parties in Wingate make contentions related to lack of standing. See Wingate, 795 S.W.2d at
718-720. On the other hand, while J.E.M. addresses standing, it does not involve a situation wherein the defendant
is contending that a corporate stockholder does not have the legal authority to bring suit on a contract between a third
party and the corporation solely owned by the shareholder. See J.E.M., 928 S.W.2d at 670-72.