

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-08-087-CV

ANNIE GREEN AND JAMES GREEN                                    APPELLANTS

V.

RONALD L. COOK, D.D.S.                                              APPELLEE

------------

### FROM THE 415TH DISTRICT COURT OF PARKER COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

In two issues, Appellants Annie Green and James Green (collectively "the Greens") assert that the trial court abused its discretion by sanctioning the Greens and by denying their motion for continuance.  We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## II. Factual and Procedural History

The Greens filed suit against Appellee Ronald L. Cook, D.D.S. (hereinafter ("Dr. Cook") on February 28, 2006, for his failure to diagnose maxillary squamous cell cancer while fitting Annie for dentures. During the course of discovery, a number of hearings were held regarding the depositions of the Greens' expert witnesses. Because the Greens allege that the trial court abused its discretion by sanctioning them and by denying them a continuance from a hearing on Dr. Cook's motion for summary judgment, a detailed procedural review is warranted.

### A. Hearings on the Deposition of the Greens' Experts

According to the Greens, Dr. Cook initially filed a motion to quash the deposition of the Greens' expert, Richard Irwin, which was to have been taken by the Greens as a trial deposition. Dr. Cook's objection to the deposition notices was that he wanted to take a "discovery deposition" of the Greens' experts before the Greens were permitted to take a "trial" deposition. After hearing the arguments of counsel, the trial court ruled that Dr. Cook would be allowed to take a "discovery" deposition before the Greens' "trial" deposition but that Dr. Cook would have to pay for the experts' time for the "discovery" deposition (the September 13, 2007 ruling).

2

Dr. Cook has a more extensive and different view of the background of the case leading up to the first motion to quash hearing. He asserts as follows:

Beginning in May, 2007, [Dr. Cook], through his counsel, sought to take the deposition of [the Greens'] experts. Several letters were sent to [the Greens'] counsel requesting the depositions, without a meaningful response. Finally, the deposition of one of [the Greens'] experts, Dr. Richard Irwin, was scheduled for July 31, 2007, a date offered by [the Greens]. On July 19, 2007, [Dr. Cook] served notice of intent to take the deposition of Dr. Irwin on July 31, 2007, at 10:00 a.m. On July 24, 2007, [the Greens] filed a motion to quash Dr. Irwin's deposition notice, alleging that counsel for [Dr. Cook] failed to obtain agreement on the date. Then, on July 26, 2007, the day after having moved to quash [Dr. Cook's] notice of Dr. Irwin's deposition, [the Greens] served their own notice of intent to take the deposition of Dr. Irwin on July 31, at 9:00 a.m., one hour earlier tha[n] [Dr. Cook's] notice. No reason was stated [] as to why Dr. Irwin's deposition could go forward on July 31 at 9:00 a.m., but not on July 31 at 10:00 a.m. Counsel for [the Greens] admitted that her motive in quashing [Dr. Cook's] notice of Dr. Irwin's deposition and [the Greens'] notice of the deposition for earlier the same day was to [in] essence [] "jump ahead" of [Dr. Cook] by taking a video deposition for use at trial. A hearing was set on [Dr. Cook's] Motion to Quash the deposition of Dr. Irwin for September 13, 2007. Before the Trial Court had been given the opportunity to rule on [Dr. Cook's] Motion to Quash and the order of the depositions of [the Greens'] experts, [the Greens], without consultation or agreement of [Dr. Cook], noticed the deposition of Dr. Irwin on September 18, 2007, and the deposition of Dr. Wenig on September 25, 2007. These actions by [the Greens] again necessitated the filing of a Motion to Quash the depositions of these experts. [Internal citations omitted.]

Also according to Dr. Cook:

Soon after the hearing [and the September 13, 2007 ruling], [Dr. Cook's] counsel again requested dates for the taking of the depositions of [the Greens'] experts, and on September 18, 2007,

3

[Dr. Cook] sent correspondence to [the Greens] confirming that [Dr. Cook] was holding several dates for the depositions of Dr. Irwin, Dr. Wenig and Dr. Crow. On September 25, 2007, counsel for [the Greens] called the offices of [Dr. Cook's] counsel, and, for the first time, was informed that all three of [the Greens'] experts would require a $5,000 retainer before even giving dates for their depositions. In light of this refusal to provide [Dr. Cook's] counsel with dates for the depositions of [the Greens'] experts, [Dr. Cook] filed his Motion to Compel the Depositions of [the Greens'] Experts and Motion for Reconsideration of the Court's September 13, 2007 Ruling [the "Reconsideration Motion"]. [Internal citations omitted.]

## B. Dr. Cook's Motion for Reconsideration

On October 1, 2007, Dr. Cook filed his Reconsideration Motion. In essence, the motion was a repeat of his motion to quash, but covered all three of the Greens' experts—Irwin, Wenig, and Crow.

At the conclusion of the hearing[2] on the motion, the court signed Dr. Cook's proposed order [the October 29, 2007 order], on which the court wrote: "No later than November 9, 2007, [the Greens'] counsel shall provide 3 alternative dates of occurrence prior to and including December 7, 2007, for Rule 195 depositions of Drs. Irwin, Wenig and Crow." The order also provided

---

[2] According to the Greens, the court reporter for the 415th District Court was present at the hearing on Dr. Cook's motion for rehearing on October 29, 2007. However, when the transcript was requested by the Greens' attorney for subsequent hearings, the court reporter represented that there was no record of the hearing on that date, and the exact proceedings on that date could not be presented for this appeal.

4

that the depositions of Irwin, Wenig and Crow would occur not later than November 16, 2007.

**C.  Dr. Cook's Motion for Sanctions**

On November 16, 2007, Dr. Cook filed a "Motion for Sanctions for Failure to Comply with the Court's October 29, 2007 Order, and Motion to Quash" based on a November 9, 2007 letter from the Greens that provided dates for only two of the Greens' three experts.  Additionally, Dr. Cook's motion for sanctions complained that two of the three dates for Wenig and two of the four dates for Irwin had been previously designated by the Greens' attorney as vacation dates.

According to the Greens' response to the motion for sanctions and as argued at the hearing on the matter, despite the Greens' best efforts, by Friday, November 9, 2007, only Drs. Irwin and Wenig had responded to phone calls for deposition dates because Dr. Crow had been out of town.  Consequently, after waiting until the end of the day for Dr. Crow's response, on November 9, 2007, at 6:47 p.m., the Greens provided the seven dates for the depositions of Drs. Irwin and Wenig, explaining that "Dr. Crow has been out of [the] office . . . [but a]s soon as she contacts us, I will notify you of her available deposition dates."  Further, as explained by the Greens, the Greens had notified Dr. Cook that Dr. Wenig (the oncology surgeon) would need some advance

5

notice for his deposition in Evanston, Illinois. Nevertheless, according to the Greens, at 4:20 p.m., on Monday, November 12, 2007, Dr. Cook noticed the deposition of Dr. Wenig in Evanston on November 14, 2007, and the deposition of Dr. Irwin, the Dallas periodontist, on December 5, 2007.

Further, according to the Greens, immediately upon receiving the deposition notices, on November 12, 2007, the Greens' attorney sent a letter by facsimile to defense counsel requesting that he reverse the order of Dr. Wenig's and Dr. Irwin's depositions, allowing Dr. Wenig more notice for his depositions in Evanston, Illinois, and permitting the Greens' attorney time to make travel arrangements to Illinois. Moreover, the Greens' attorney agreed to postpone her Thanksgiving holiday, to provide defense counsel with additional dates for the deposition of the Greens' experts. When no response to the Greens' letter was received from defense counsel by November 14, 2007, the Greens' attorney herself noticed the depositions of the Greens' experts, Dr. Irwin and Dr. Wenig, to reserve the deposition dates that were open for defense counsel, which the Greens' experts had set aside. It was at this point that Dr. Cook responded by filing a "Motion for Sanctions for Failure to Comply with the Court's October 29, 2007 Order and Motion to Quash."

In his motion for sanctions, Dr. Cook asserted that the Greens disobeyed the court's October 29, 2007 order because, according to Dr. Cook, the

6

Greens' letter with the expert deposition dates, faxed after 5:00 p.m. on Friday, November 9, 2007, violated the court's order in that it was "untimely,"[3] and it failed to provide dates for Dr. Crow's deposition. Further, Dr. Cook argued that, due to the Greens' attorney's vacation letter, the Greens were in violation of the court's October 29, 2007 order because two of the four dates for the Irwin deposition and two of the three dates for the Wenig deposition were not available for the Greens' attorney, leaving only two dates for Irwin and one for Wenig.

The Greens' attorney responded that the Greens had taken every possible measure to comply with the court's order. Specifically, she said that Dr. Irwin, a periodontist in Dallas, was available on November 14, 20, 21, and on December 5, 2007, and that Dr. Wenig, the oncology surgeon in Evanston Illinois, although available on November 14, 2007, when he initially provided deposition dates, was also available on November 21 and December 5, 2007, but could not be available on one day's notice. The Greens' attorney also argued that she had agreed to cancel her vacation plans in order to be available November 20 and 21, 2007, to permit additional dates for expert depositions

---

[3] According to rule 21a, because the Greens' response was by fax and after 5:00 p.m., it was counted as received on November 10. *See* Tex. R. Civ. P. 21a.

7

and asserted that there was no reason that defense counsel could not reverse the depositions dates for Dr. Wenig and Dr. Irwin.

Again, Dr. Cook had a different view on these events. He asserted that:

On Friday, November 9, 2007, at 6:47 p.m. [the Greens'] counsel faxed a letter to [Dr. Cook's] counsel concerning dates for Drs. Irwin and Wenig. The letter stated "Dr. Irwin is available on November 14, 20, 21 and December 5, 2007. Dr. Wenig is available on November 14, 21 and December 5, 2007. However, as you can see from my vacation letter sent to you and the court, I will be out of town on November 20 and 21, 2007." Of the four different dates offered in [the Greens'] letter of November 9, [the Greens'] counsel stated therein that she was unavailable on two of them, making November 14 and December 5, 2007, the only dates on which Drs. Irwin and Wenig were to be deposed. Said letter included no dates for the deposition of [the Greens'] expert Dr. Crow.

Because of the late time of [the Greens'] fax of November 9, the letter was received by [Dr. Cook's] counsel on Monday, November 12. Despite the short notice given to [Dr. Cook's] counsel by [the Greens'] counsel in offering dates for [the Greens'] experts' depositions, [Dr. Cook's] counsel went to great lengths to arrange a court reporter and accommodate travel to Illinois on short notice in an effort [to] depose Dr. Wenig on a date that [the Greens'] counsel said he was available. That same date, [the Greens] issued deposition notices for Dr. Wenig for November 15 and for Dr. Irwin on December 5. At 7:54 p.m. on November 12, [the Greens'] counsel forwarded a letter to [Dr. Cook's] counsel stating that Dr. Wenig may not be available for his deposition as noticed. This letter from [the Greens'] counsel went on to accuse [Dr. Cook's] counsel of scheduling the deposition "to cause the greatest inconvenience for my office and Dr. Wenig." On November 13, [the Greens'] counsel forwarded a letter indicating that Dr. Wenig could no longer testify on November 14, 2007. The letters from [the Greens'] counsel on November 12-13 all incorrectly stated that [Dr. Cook's] counsel had requested to depose Dr. Irwin before Dr. Wenig, when in fact [Dr. Cook's]

8

counsel had made no such request. In light of [the Greens'] letter, [Dr. Cook's] counsel notified [the Greens'] counsel that same day that, so as not to incur additional expense, and despite the fact that the date selected for Dr. Wenig's deposition was one of the dates that [the Greens'] counsel had given to [Dr. Cook's] counsel, Defendant's counsel canceled plans to travel to Illinois for the deposition of Dr. Wenig. Following [Dr. Cook's] cancellation of the deposition of Dr. Wenig, on November 14, 2007, [the Greens'] counsel noticed the depositions of Dr. Irwin on November 20, 2007 (a date on which [the Greens'] counsel had originally claimed unavailability), and Dr. Wenig on December 5, 2007. [Internal citations omitted]

**D. Orders on Dr. Cook's Motion for Sanctions**

Following a hearing on Dr. Cook's motion for sanctions, two orders were signed by the court. The initial order, signed December 5, 2007, ordered that the depositions of the Greens' experts be taken on January 11, 2007, and January 15, 2007, at defense counsel's office and that the experts' testimony be limited to their reports. Additionally, the Greens' attorney was ordered to pay Dr. Cook's attorney $4,000.00 for his motion for sanctions and for the preparation and appearance on his previous motion to compel (i.e., the Reconsideration Motion).

The second order, signed December 10, 2007, indicated in handwriting that it was "Amended." The "Amended" order struck the Greens' oncology surgeon (Dr. Barry Wenig) as an expert witness, and Dr. Crow was ordered to be deposed at 10:00 a.m. on January 15, 2008, at defense counsel's office,

9

rather than in her Houston office to which she had agreed. The Greens asserted that the "Amended" order served to make it impossible for Dr. Crow to provide her deposition on January 15, 2008.

In both the December 5 and December 10 orders, the trial court made the following findings:

- The Greens violated the court's October 29, 2007 order by not providing deposition dates for Dr. Crow.

- The Greens violated the same order by providing expert deposition dates which included vacation dates of the Greens' attorney.

- The November 9 letter from the Greens' attorney was untimely.

- Although Dr. Wenig was appropriately noticed for deposition by Dr. Cook, the Greens' attorney notified Dr. Cook's attorney that he would not appear for his deposition, preventing the deposition in violation of the court's order.

- Dr. Cook had been seeking the depositions of the Greens' experts since at least May of 2007.

In sum, the court found that the Greens had violated the court's October 29, 2007 order, the violation warranted striking Dr. Wenig as a witness, and setting a date and place certain for Dr. Crow's deposition was warranted.

**E. The Greens' Motion for Rehearing**

On December 13, 2007, the Greens filed their motion for rehearing on Dr. Cook's sanctions order regarding the depositions of the Greens' expert

10

witnesses. In that motion, the Greens reiterated their position that their only noncompliance with the October 29, 2007 order was their inability to provide deposition dates for Dr. Crow because she had been out of town at the time that messages for deposition dates were left with her office and that "defense counsel merely needed to take the deposition of the liability expert before the damage expert, and there would have been no problem in having both of those depositions taken."

The Greens' motion for rehearing and the Greens' motion to quash Dr. Cook's deposition of Dr. Crow, filed on December 13, 2007, were set for hearing by the trial court on January 14, 2008, the day before the noticed deposition of Dr. Crow. During that hearing, the Greens' attorney argued that, in essence, the court had ordered death-penalty sanctions against the Greens by striking one expert (Dr. Wenig), by allowing Dr. Cook to notice another (Dr. Crow) at a time and place that made it impossible for her to attend, and by not allowing the videotaping of the last of the Greens' experts (Dr. Irwin), who could not appear at trial, thereby necessitating a second deposition that had yet to be taken.

Dr. Cook filed a response to the Greens' motions on January 10, 2008, requesting additional sanctions against the Greens' attorney, contending that the Greens' motions were "groundless," and alleging that "slanderous and

11

unwarranted comments about defense counsel" had been made. After the hearing, the trial court denied the Greens' motion for rehearing and granted Dr. Cook's motion requesting additional sanctions against the Greens' attorney. By order signed on January 30, 2008, the trial court ordered that $1,400 in additional attorney fees be paid by the Greens' attorney to defense counsel.

## F. The Greens' Deposition Notices

Previously, on December 31, 2007, the Greens sent notices to defense counsel to take the depositions of their expert, Dr. Irwin, and of Dr. Steckler, Dr. Brown, and Dr. Ellis. The depositions were scheduled to be taken on January 16, 17, 22, and 24 — dates that defense counsel had provided.

When the Greens' attorney returned to her office after the January 14, 2008 hearings, she averred that she has been notified that her father had been hospitalized in serious condition and that she was advised to make arrangements to come to Tennessee as soon as possible. Before leaving the office to travel to Tennessee, the Greens' attorney sent a facsimile to defense counsel to reiterate that Dr. Crow would not be able to attend a deposition the following morning, since it was not noticed in the afternoon at Dr. Crow's Houston office and to state that she was canceling the deposition of Dr. Irwin scheduled for January 16, 2008. Additionally, the Greens' attorney asked her legal assistant to confirm with defense counsel that the depositions scheduled

12

for that week were canceled under the circumstances.  By voice mail and by facsimile to defense counsel, the legal assistant notified defense counsel of a "family emergency" that necessitated the cancellation of the depositions.

**G.  The Greens' Motion for Continuance of Dr. Cook's "No Evidence" Motion for Summary Judgment**

On January 16, 2008, defense counsel filed a no evidence motion for summary judgment and had it set for hearing on February 8, 2008.  However, because the Greens' attorney's father died on Sunday morning, January 20, 2008, she was unable to return to the office or to take the depositions noticed for that week.  According to the Greens' counsel, after two funerals (in Tennessee and in Chicago)[4] and the burial of her father, the Greens' attorney returned to Texas on Saturday night, January 26, 2008.  On Monday, January 28, 2008, the Greens' attorney stated that she attended the mediation of a Dallas case that had been scheduled months in advance and that did not conclude until after 8:30 p.m.  Consequently, according to the Greens' counsel, the first day that she returned to the office was on Tuesday, January 29, 2008, at which time she discovered that defense counsel had filed a motion for summary judgment that was set to be heard on February 8, 2008.

---

[4] The nature of this second funeral is not explained.

Due to the lack of discovery, in part due to sanctions, the Greens asserted that they did not have the depositions necessary, nor sufficient time, to respond to Dr. Cook's "no evidence" summary judgment motion; their response was due to be filed on February 1, 2008, within three days of their attorney's return to her office. Consequently, the Greens' attorney prepared motions for continuance of the summary judgment hearing and the February 12, 2008 trial date.

After a brief hearing on these motions, the trial court denied the Greens' motion for continuance of the summary judgment hearing, and it granted summary judgment. This appeal followed.

### III. Continuance

In their second issue, the Greens complain that the trial court erred by denying them a continuance from the hearing on Dr. Cook's motion for summary judgment.

### A. Review

The decision to grant or deny a motion for continuance is reviewed under an abuse of discretion standard. *State v. Wood Oil Distrib., Inc.*, 751 S.W.2d 863, 865 (Tex. 1988). When the continuance involves the postponement of a summary judgment hearing, the reviewing court considers several factors, including the nature and complexity of the case, the nature of the evidence

14

required to address the motion, how long the motion has been on file, and, if the absence of counsel is an issue, whether the absence is the fault of the continuance-requesting party. *See State v. Crank*, 666 S.W.2d 91, 94 (Tex.) (op. on reh'g), *cert. denied*, 469 U.S. 833 (1984); *McMahan v. Greenwood*, 108 S.W.3d 467, 498–99 (Tex. App.—Houston [14th Dist.] 2003, pet. denied); *Blake v. Lewis*, 886 S.W.2d 404, 409 (Tex. App.—Houston [1st Dist.] 1994, no writ).

It is the Greens' position that a review of the detailed procedural history previously set forth warrants this court to find that the trial court abused its discretion by denying their request for a continuance of the hearing on Dr. Cook's motion for summary judgment.

Dr. Cook responds that the Greens' (1) are required to show the materiality of the evidence that would be developed through the grant of such continuance, (2) are required to show the due diligence utilized previously in obtaining the material evidence, and (3) could have produced affidavit testimony to address the summary judgment motion, had rebuttal evidence existed. Tex. R. Civ. P. 166a, 252; *Risner v. McDonald's Corp.*, 18 S.W.3d 903, 909 (Tex. App.—Beaumont 2000, pet. denied); *J.E.M. v. Fidelity & Cas., Co. of New York*, 928 S.W.2d 668, 676 (Tex. App.—Houston [1st Dist.] 1996, no writ).

**B. Analysis**

Attached to the Greens' motion for continuance was an affidavit from their counsel that set forth the problem resulting from not videotaping Dr. Irwin's deposition and the problem resulting from the location of Dr. Crow's deposition, with both depositions being averred to as "material," as are the depositions of certain unidentified "physicians who treated Plaintiff Annie Green." Nothing is discussed as to the nature of the absent testimony. We agree that this affidavit fails to comport with the requirement of rule 252, which in part necessitates a showing that the needed testimony

> is material, *showing the materiality thereof*, and that he has used *due diligence*, to procure such testimony, stating such diligence, and the cause of failure, if *known*; that such testimony *cannot be procured from any other source*; . . . if it be for the absence of a witness, . . . *what he expects to prove by him*; . . . that the continuance is *not sought for delay only*, but that justice may be done[.]

Tex. R. Civ. P. 252 (emphasis supplied). Further and as a practical matter, there is no showing that affidavits could not have been produced by the Greens' experts to rebut the summary judgment motion, as allowed by rule 166a. Based on the foregoing and on the conflicting evidence concerning the procedural backdrop of this case, we cannot say that the trial court abused its discretion by denying the Greens' motion for continuance. We overrule the Greens' second issue.

16

## IV. Sanctions

In their first issue, the Greens assert that the trial court abused its discretion by granting what they term to be "death penalty sanctions" against them.

## A. Standard of Review

Generally, the questions of whether to impose sanctions or the sanctions to be imposed lie within the discretion of the court. *Braden v. Downey*, 811 S.W.2d 922, 927 (Tex. 1991); *Bodnow Corp. v. City of Hondo*, 721 S.W.2d 839, 840 (Tex. 1986). To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). An appellate court cannot conclude that a trial court abused its discretion merely because the appellate court would have ruled differently in the same circumstances. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995). An abuse of discretion does not occur when the trial court bases its decisions on conflicting evidence. *In re Barber*, 982 S.W.2d 364, 366 (Tex. 1998) (orig. proceeding). Furthermore, an abuse of discretion does not occur as long as some evidence of substantive and probative character

exists to support the trial court's decision. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002).

**B.  Analysis**

As set forth in the Greens' brief and as gleaned from the reporter's record, the "death penalty sanctions" referred to in their first issue are (1) the striking of their expert, Dr. Wenig; (2) allowing Dr. Cook to notice the deposition of another expert, Dr. Crow, at a place that Dr. Crow had not agreed to appear; and (3) not allowing the videotaping of their other expert, Dr. Irwin.[5]

Bearing in mind the trial court's findings regarding the Greens' violation of its October 29, 2007 order, that the trial court does not abuse its discretion when it bases its decision on conflicting evidence, and the fact that we cannot conclude that an abuse of discretion occurred merely because we would have ruled differently, we cannot say that the trial court abused its discretion in the actions that it took following its finding that its October 29, 2007 order had been violated.

---

[5] Dr. Cook assumes in his brief that the death penalty sanction complaint refers to the denial of the Greens' motion for continuance, but this is not supported in the record or argued in the Greens' briefing to this court. Furthermore, the trial court ruled in a telephonic hearing that Dr. Cook's attorney did not have to take the deposition of Dr. Irwin that he had noticed and that the Greens' attorney was prepared to videotape.  As there is no procedural basis for considering this a sanction, as opposed to an incidental discovery ruling, it will not be considered.  *See* Tex. R. App. P. 47.1.

18

Further, because we have held that the trial court did not abuse its discretion by denying the Greens' motion for continuance, the Greens have failed to show that the aforementioned sanctions harmed them in some manner. As previously discussed, because this was a summary judgment hearing and not a traditional trial on the merits, not only have they failed to demonstrate why affidavit testimony could not have been procured to address the summary judgment motion, but they have also failed to demonstrate what deposition testimony would have been offered by the witnesses to rebut the summary judgment motion. Hence, we have nothing to review to determine the effect, if any, on the summary judgment hearing. We overrule the Greens' first issue.

## V. Conclusion

Having overruled the Greens' two issues, we affirm the trial court's judgment.


BOB MCCOY
JUSTICE

PANEL: LIVINGSTON and MCCOY, JJ.; and WILLIAM BRIGHAM, J. (Senior Justice, Retired, Sitting by Assignment).

DELIVERED: February 5, 2009