COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-087-CV

 

 

ANNIE GREEN AND JAMES GREEN                                       APPELLANTS

 

                                                   V.

 

RONALD L. COOK, D.D.S.                                                       APPELLEE

 

                                              ------------

 

            FROM THE 415TH
DISTRICT COURT OF PARKER COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
Introduction

In two issues, Appellants Annie Green and James
Green (collectively Athe Greens@) assert
that the trial court abused its discretion by sanctioning the Greens and by
denying their motion for continuance.  We
affirm.








                              II.  Factual and Procedural History

The Greens filed suit against Appellee Ronald L.
Cook, D.D.S. (hereinafter (ADr. Cook@) on
February 28, 2006, for his failure to diagnose maxillary squamous cell cancer
while fitting Annie for dentures.  During
the course of discovery, a number of hearings were held regarding the
depositions of the Greens= expert witnesses.  Because the Greens allege that the trial
court abused its discretion by sanctioning them and by denying them a
continuance from a hearing on Dr. Cook=s motion
for summary judgment, a detailed procedural review is warranted.

A.  Hearings on the Deposition
of the Greens= Experts

According to the Greens, Dr. Cook initially filed
a motion to quash the deposition of the Greens= expert,
Richard Irwin, which was to have been taken by the Greens as a trial
deposition.  Dr. Cook=s
objection to the deposition notices was that he wanted to take a Adiscovery
deposition@ of the Greens= experts
before the Greens were permitted to take a Atrial@
deposition.  After hearing the arguments
of counsel, the trial court ruled that Dr. Cook would be allowed to take a Adiscovery@
deposition before the Greens= Atrial@
deposition but that Dr. Cook would have to pay for the experts= time
for the Adiscovery@
deposition (the September 13, 2007 ruling).








Dr. Cook has a more extensive and different view
of the background of the case leading up to the first motion to quash
hearing.  He asserts as follows:

Beginning in May, 2007,
[Dr. Cook], through his counsel, sought to take the deposition of [the Greens=] experts.  Several letters were sent to [the Greens=] counsel requesting the
depositions, without a meaningful response. 
Finally, the deposition of one of 
[the Greens=] experts, Dr. Richard
Irwin, was scheduled for July 31, 2007, a date offered by [the Greens].  On July 19, 2007, [Dr. Cook] served notice of
intent to take the deposition of Dr. Irwin on July 31, 2007, at 10:00 a.m.  On July 24, 2007, [the Greens] filed a motion
to quash Dr. Irwin=s deposition notice,
alleging that counsel for [Dr. Cook] failed to obtain agreement on the
date.  Then, on July 26, 2007, the day
after having moved to quash [Dr. Cook=s] notice of Dr. Irwin=s deposition, [the
Greens] served their own notice of intent to take the deposition of Dr. Irwin
on July 31, at 9:00 a.m., one hour earlier tha[n] [Dr. Cook=s] notice.  No reason was stated [] as to why Dr. Irwin=s deposition could go
forward on July 31 at 9:00 a.m., but not on July 31 at 10:00 a.m.  Counsel for [the Greens] admitted that her
motive in quashing [Dr. Cook=s] notice of Dr. Irwin=s deposition and [the
Greens=] notice of the
deposition for earlier the same day was to [in] essence [] Ajump ahead@ of [Dr. Cook] by taking
a video deposition for use at trial.  A
hearing was set on [Dr. Cook=s] Motion to Quash the deposition of Dr. Irwin
for September 13, 2007.  Before the Trial
Court had been given the opportunity to rule on [Dr. Cook=s] Motion to Quash and
the order of the depositions of [the Greens=] experts, [the Greens], without consultation or
agreement of [Dr. Cook], noticed the deposition of Dr. Irwin on September 18,
2007, and the deposition of Dr. Wenig on September 25, 2007.  These actions by [the Greens] again necessitated
the filing of a Motion to Quash the depositions of these experts.  [Internal citations omitted.]

 

Also according to Dr. Cook:








Soon after the hearing [and the September 13,
2007 ruling], [Dr. Cook=s] counsel again requested dates
for the taking of the depositions of [the Greens=]
experts, and on September 18, 2007, [Dr. Cook] sent correspondence to [the
Greens] confirming that [Dr. Cook] was holding several dates for the
depositions of Dr. Irwin, Dr. Wenig and Dr. Crow.  On September 25, 2007, counsel for [the
Greens] called the offices of [Dr. Cook=s]
counsel, and, for the first time, was informed that all three of [the Greens=]
experts would require a $5,000 retainer before even giving dates for their
depositions.  In light of this refusal to
provide [Dr. Cook=s] counsel with dates for the
depositions of [the Greens=]
experts, [Dr. Cook] filed his Motion to Compel the Depositions of [the Greens=]
Experts and Motion for Reconsideration of the Court=s
September 13, 2007 Ruling [the AReconsideration
Motion@].  [Internal citations omitted.]

B.  Dr. Cook=s Motion
for Reconsideration

On October 1, 2007, Dr. Cook filed his
Reconsideration Motion.  In essence, the
motion was a repeat of his motion to quash, but covered all three of the Greens= expertsCIrwin,
Wenig, and Crow.








At the conclusion of the hearing[2]
on the motion, the court signed Dr. Cook=s
proposed order [the October 29, 2007 order], on which the court wrote: ANo later
than November 9, 2007, [the Greens=]
counsel shall provide 3 alternative dates of occurrence prior to and including
December 7, 2007, for Rule 195 depositions of Drs. Irwin, Wenig and Crow.@  The order also provided that the depositions
of Irwin, Wenig and Crow would occur not later than November 16, 2007.

C.  Dr. Cook=s Motion
for Sanctions

On November 16, 2007, Dr. Cook filed a AMotion
for Sanctions for Failure to Comply with the Court=s
October 29, 2007 Order, and Motion to Quash@ based
on a November 9, 2007 letter from the Greens that provided dates for only two
of the Greens= three experts.  Additionally, Dr. Cook=s motion
for sanctions complained that two of the three dates for Wenig and two of the
four dates for Irwin had been previously designated by the Greens=
attorney as vacation dates.








According to the Greens=
response to the motion for sanctions and as argued at the hearing on the
matter, despite the Greens= best
efforts, by Friday, November 9, 2007, only Drs. Irwin and Wenig had responded
to phone calls for deposition dates because Dr. Crow had been out of town.  Consequently, after waiting until the end of
the day for Dr. Crow=s response, on November 9, 2007,
at 6:47 p.m., the Greens provided the seven dates for the depositions of Drs.
Irwin and Wenig, explaining that ADr. Crow
has been out of [the] office . . . [but a]s soon as she contacts us, I will
notify you of her available deposition dates.@  Further, as explained by the Greens, the
Greens had notified Dr. Cook that Dr. Wenig (the oncology surgeon) would need
some advance notice for his deposition in Evanston, Illinois.  Nevertheless, according to the Greens, at 4:20
p.m., on Monday, November 12, 2007, Dr. Cook noticed the deposition of Dr.
Wenig in Evanston on November 14, 2007, and the deposition of Dr. Irwin, the
Dallas periodontist, on December 5, 2007.

Further, according to the Greens, immediately
upon receiving the deposition notices, on November 12, 2007, the Greens=
attorney sent a letter by facsimile to defense counsel requesting that he
reverse the order of Dr. Wenig=s and
Dr. Irwin=s depositions, allowing Dr.
Wenig more notice for his depositions in Evanston, Illinois, and permitting the
Greens=
attorney time to make travel arrangements to Illinois.  Moreover, the Greens=
attorney agreed to postpone her Thanksgiving holiday, to provide defense
counsel with additional dates for the deposition of the Greens=
experts.  When no response to the Greens= letter
was received from defense counsel by November 14, 2007, the Greens=
attorney herself noticed the depositions of the Greens=
experts, Dr. Irwin and Dr. Wenig, to reserve the deposition dates that were
open for defense counsel, which the Greens= experts
had set aside.  It was at this point that
Dr. Cook responded by filing a AMotion
for Sanctions for Failure to Comply with the Court=s
October 29, 2007 Order and Motion to Quash.@








In his motion for sanctions, Dr. Cook asserted
that the Greens disobeyed the court=s
October 29, 2007 order because, according to Dr. Cook, the Greens= letter
with the expert deposition dates, faxed after 5:00 p.m. on Friday, November 9,
2007, violated the court=s order in that it was Auntimely,@[3] and it
failed to provide dates for Dr. Crow=s
deposition.  Further, Dr. Cook argued
that, due to the Greens= attorney=s
vacation letter, the Greens were in violation of the court=s
October 29, 2007 order because two of the four dates for the Irwin deposition
and two of the three dates for the Wenig deposition were not available for the
Greens=
attorney, leaving only two dates for Irwin and one for Wenig.








The Greens=
attorney responded that the Greens had taken every possible measure to comply
with the court=s order.  Specifically, she said that Dr. Irwin, a
periodontist in Dallas, was available on November 14, 20, 21, and on December
5, 2007, and that Dr. Wenig, the oncology surgeon in Evanston Illinois,
although available on November 14, 2007, when he initially provided deposition
dates, was also available on November 21 and December 5, 2007, but could not be
available on one day=s notice.  The Greens=
attorney also argued that she had agreed to cancel her vacation plans in order
to be available November 20 and 21, 2007, to permit additional dates for expert
depositions and asserted that there was no reason that defense counsel could
not reverse the depositions dates for Dr. Wenig and Dr. Irwin.

Again, Dr. Cook had a different view on these
events.  He asserted that:

On Friday, November 9,
2007, at 6:47 p.m. [the Greens=] counsel faxed a letter to [Dr. Cook=s] counsel concerning
dates for Drs. Irwin and Wenig.  The
letter stated ADr. Irwin is available on
November 14, 20, 21 and December 5, 2007. 
Dr. Wenig is available on November 14, 21 and December 5, 2007.  However, as you can see from my vacation
letter sent to you and the court, I will be out of town on November 20 and 21,
2007.@  Of the four different dates offered in [the
Greens=] letter of November 9,
[the Greens=] counsel stated therein
that she was unavailable on two of them, making November 14 and December 5,
2007, the only dates on which Drs. Irwin and Wenig were to be deposed.  Said letter included no dates for the
deposition of [the Greens=] expert Dr. Crow.








Because of the late time of [the Greens=] fax of November 9, the
letter was received by [Dr. Cook=s] counsel on Monday, November 12.  Despite the short notice given to [Dr. Cook=s] counsel by [the Greens=] counsel in offering
dates for [the Greens=] experts= depositions, [Dr. Cook=s] counsel went to great
lengths to arrange a court reporter and accommodate travel to Illinois on short
notice in an effort [to] depose Dr. Wenig on a date that [the Greens=] counsel said he was
available.  That same date, [the Greens]
issued deposition notices for Dr. Wenig for November 15 and for Dr. Irwin on
December 5.  At 7:54 p.m. on November 12,
[the Greens=] counsel forwarded a
letter to [Dr. Cook=s] counsel stating that
Dr. Wenig may not be available for his deposition as noticed.  This letter from [the Greens=] counsel went on to
accuse [Dr. Cook=s] counsel of scheduling
the deposition Ato cause the greatest
inconvenience for my office and Dr. Wenig.@  On
November 13, [the Greens=] counsel forwarded a
letter indicating that Dr. Wenig could no longer testify on November 14,
2007.  The letters from [the Greens=] counsel on November
12-13 all incorrectly stated that [Dr. Cook=s] counsel had requested to depose Dr. Irwin
before Dr. Wenig, when in fact [Dr. Cook=s] counsel had made no such request.  In light of [the Greens=] letter, [Dr. Cook=s] counsel notified [the
Greens=] counsel that same day
that, so as not to incur additional expense, and despite the fact that the date
selected for Dr. Wenig=s deposition was one of
the dates that [the Greens=] counsel had given to [Dr. Cook=s] counsel, Defendant=s counsel canceled plans
to travel to Illinois for the deposition of Dr. Wenig.  Following [Dr. Cook=s] cancellation of the
deposition of Dr. Wenig, on November 14, 2007, [the Greens=] counsel noticed the
depositions of Dr. Irwin on November 20, 2007 (a date on which [the Greens=] counsel had originally
claimed unavailability), and Dr. Wenig on December 5, 2007.  [Internal citations omitted]

 

D.  Orders on Dr. Cook=s Motion
for Sanctions

Following a hearing on Dr. Cook=s motion
for sanctions, two orders were signed by the court.  The initial order, signed December 5, 2007, ordered
that the depositions of the Greens= experts
be taken on January 11, 2007, and January 15, 2007, at defense counsel=s office
and that the experts= testimony be limited to their
reports.  Additionally, the Greens=
attorney was ordered to pay Dr. Cook=s
attorney $4,000.00 for his motion for sanctions and for the preparation and
appearance on his previous motion to compel (i.e., the Reconsideration Motion).








The second order, signed December 10, 2007,
indicated in handwriting that it was AAmended.@  The AAmended@ order
struck the Greens= oncology surgeon (Dr. Barry
Wenig) as an expert witness, and Dr. Crow was ordered to be deposed at 10:00
a.m. on January 15, 2008, at defense counsel=s
office, rather than in her Houston office to which she had agreed.  The Greens asserted that the AAmended@ order
served to make it impossible for Dr. Crow to provide her deposition on January
15, 2008.

In both the December 5 and December 10 orders,
the trial court made the following findings: 


$                  
The Greens violated the court=s October 29, 2007 order by not providing
deposition dates for Dr. Crow.

 

$                  
The Greens violated the same order by providing expert deposition
dates which included vacation dates of the Greens= attorney.

 

$                  
The November 9 letter from the Greens= attorney was untimely.

 

$                  
Although Dr. Wenig was appropriately noticed for deposition by Dr.
Cook, the Greens= attorney notified Dr.
Cook=s attorney that he would
not appear for his deposition, preventing the deposition in violation of the
court=s order.

 

$                  
Dr. Cook had been seeking the depositions of the Greens= experts since at least
May of 2007.

 

In sum, the court found that the Greens had
violated the court=s October 29, 2007 order, the
violation warranted striking Dr. Wenig as a witness, and setting a date and
place certain for Dr. Crow=s
deposition was warranted.

E.  The Greens= Motion
for Rehearing








On December 13, 2007, the Greens filed their
motion for rehearing on Dr. Cook=s
sanctions order regarding the depositions of the Greens= expert
witnesses.  In that motion, the Greens
reiterated their position that their only noncompliance with the October 29,
2007 order was their inability to provide deposition dates for Dr. Crow because
she had been out of town at the time that messages for deposition dates were left
with her office and that Adefense counsel merely needed to
take the deposition of the liability expert before the damage expert, and there
would have been no problem in having both of those depositions taken.@

The Greens= motion
for rehearing and the Greens= motion
to quash Dr. Cook=s deposition of Dr. Crow, filed
on December 13, 2007, were set for hearing by the trial court on January 14,
2008, the day before the noticed deposition of Dr. Crow.  During that hearing, the Greens=
attorney argued that, in essence, the court had ordered death-penalty sanctions
against the Greens by striking one expert (Dr. Wenig), by allowing Dr. Cook to
notice another (Dr. Crow) at a time and place that made it impossible for her
to attend, and by not allowing the videotaping of the last of the Greens= experts
(Dr. Irwin), who could not appear at trial, thereby necessitating a second
deposition that had yet to be taken.








Dr. Cook filed a response to the Greens= motions
on January 10, 2008, requesting additional sanctions against the Greens=
attorney, contending that the Greens= motions
were Agroundless,@ and
alleging that Aslanderous and unwarranted
comments about defense counsel@ had
been made.  After the hearing, the trial
court denied the Greens= motion for rehearing and
granted Dr. Cook=s motion requesting additional
sanctions against the Greens=
attorney.  By order signed on January 30,
2008, the trial court ordered that $1,400 in additional attorney fees be paid
by the Greens= attorney to defense counsel.

F.  The Greens=
Deposition Notices

Previously, on December 31, 2007, the Greens sent
notices to defense counsel to take the depositions of their expert, Dr. Irwin,
and of Dr. Steckler, Dr. Brown, and Dr. Ellis. 
The depositions were scheduled to be taken on January 16, 17, 22, and 24Cdates
that defense counsel had provided.








When the Greens=
attorney returned to her office after the January 14, 2008 hearings, she
averred that she has been notified that her father had been hospitalized in
serious condition and that she was advised to make arrangements to come to
Tennessee as soon as possible.  Before
leaving the office to travel to Tennessee, the Greens=
attorney sent a facsimile to defense counsel to reiterate that Dr. Crow would
not be able to attend a deposition the following morning, since it was not noticed
in the afternoon at Dr. Crow=s
Houston office and to state that she was canceling the deposition of Dr. Irwin
scheduled for January 16, 2008. 
Additionally, the Greens= attorney
asked her legal assistant to confirm with defense counsel that the depositions
scheduled for that week were canceled under the circumstances.  By voice mail and by facsimile to defense
counsel, the legal assistant notified defense counsel of a Afamily
emergency@ that necessitated the
cancellation of the depositions.

G.  The Greens= Motion for Continuance
of Dr. Cook=s ANo Evidence@ Motion for Summary
Judgment

 

On January 16, 2008, defense counsel filed a no
evidence motion for summary judgment and had it set for hearing on February 8,
2008.  However, because the Greens=
attorney=s father
died on Sunday morning, January 20, 2008, she was unable to return to the
office or to take the depositions noticed for that week.  According to the Greens=
counsel, after two funerals (in Tennessee and in Chicago)[4]
and the burial of her father, the Greens=
attorney returned to Texas on Saturday night, January 26, 2008.  On Monday, January 28, 2008, the Greens=
attorney stated that she attended the mediation of a Dallas case that had been
scheduled months in advance and that did not conclude until after 8:30
p.m.  Consequently, according to the
Greens=
counsel, the first day that she returned to the office was on Tuesday, January
29, 2008, at which time she discovered that defense counsel had filed a motion
for summary judgment that was set to be heard on February 8, 2008.








Due to the lack of discovery, in part due to
sanctions, the Greens asserted that they did not have the depositions necessary,
nor sufficient time, to respond to Dr. Cook=s Ano
evidence@ summary
judgment motion; their response was due to be filed on February 1, 2008, within
three days of their attorney=s return
to her office.  Consequently, the Greens=
attorney prepared motions for continuance of the summary judgment hearing and
the February 12, 2008 trial date.

After a brief hearing on these motions, the trial
court denied the Greens= motion for continuance of the
summary judgment hearing, and it granted summary judgment.  This appeal followed.

                                         III.  Continuance

In their second issue, the Greens complain that
the trial court erred by denying them a continuance from the hearing on Dr.
Cook=s motion
for summary judgment.

A.  Review








The decision to grant or deny a motion for
continuance is reviewed under an abuse of discretion standard.  State v. Wood Oil Distrib., Inc., 751
S.W.2d 863, 865 (Tex. 1988).  When the
continuance involves the postponement of a summary judgment hearing, the
reviewing court considers several factors, including the nature and complexity
of the case, the nature of the evidence required to address the motion, how
long the motion has been on file, and, if the absence of counsel is an issue,
whether the absence is the fault of the continuance-requesting party.  See State v. Crank, 666 S.W.2d 91, 94
(Tex.) (op. on reh=g), cert. denied, 469
U.S. 833 (1984); McMahan v. Greenwood, 108 S.W.3d 467, 498B99 (Tex.
App.CHouston
[14th Dist.] 2003, pet. denied); Blake v. Lewis, 886 S.W.2d 404, 409
(Tex. App.CHouston [1st Dist.] 1994, no
writ).

It is the Greens=
position that a review of the detailed procedural history previously set forth
warrants this court to find that the trial court abused its discretion by
denying their request for a continuance of the hearing on Dr. Cook=s motion
for summary judgment. 

Dr. Cook responds that the Greens= (1) are
required to show the materiality of the evidence that would be developed
through the grant of such continuance, (2) are required to show the due
diligence utilized previously in obtaining the material evidence, and (3) could
have produced affidavit testimony to address the summary judgment motion, had
rebuttal evidence existed.  Tex. R. Civ.
P. 166a, 252; Risner v. McDonald=s Corp., 18
S.W.3d 903, 909 (Tex. App.CBeaumont
2000, pet. denied); J.E.M. v. Fidelity & Cas., Co. of New York, 928
S.W.2d 668, 676 (Tex. App.CHouston
[1st Dist.] 1996, no writ).








B.  Analysis

Attached to the Greens= motion
for continuance was an affidavit from their counsel that set forth the problem
resulting from not videotaping Dr. Irwin=s
deposition and the problem resulting from the location of Dr. Crow=s
deposition, with both depositions being averred to as Amaterial,@ as are
the depositions of certain unidentified Aphysicians
who treated Plaintiff Annie Green.@  Nothing is discussed as to the nature of the
absent testimony.  We agree that this
affidavit fails to comport with the requirement of rule 252, which in part
necessitates a showing that the needed testimony 

is material, showing
the materiality thereof, and that he has used due diligence, to
procure such testimony, stating such diligence, and the cause of failure, if known;
that such testimony cannot be procured from any other source; . . . if
it be for the absence of a witness, . . . what he expects to prove by him;
. . . that the continuance is not sought for delay only, but that
justice may be done[.]

 

Tex. R. Civ. P. 252 (emphasis supplied).  Further and as a practical matter, there is
no showing that affidavits could not have been produced by the Greens= experts
to rebut the summary judgment motion, as allowed by rule 166a.  Based on the foregoing and on the conflicting
evidence concerning the procedural backdrop of this case, we cannot say that
the trial court abused its discretion by denying the Greens= motion
for continuance.  We overrule the Greens= second
issue.








                                           IV.  Sanctions

In their first issue, the Greens assert that the
trial court abused its discretion by granting what they term to be Adeath
penalty sanctions@ against them.

A.  Standard of Review








Generally, the questions of whether to impose
sanctions or the sanctions to be imposed lie within the discretion of the
court.  Braden v. Downey, 811
S.W.2d 922, 927 (Tex. 1991); Bodnow Corp. v. City of Hondo, 721 S.W.2d
839, 840 (Tex. 1986).  To determine
whether a trial court abused its discretion, we must decide whether the trial
court acted without reference to any guiding rules or principles; in other
words, we must decide whether the act was arbitrary or unreasonable.  Cire v. Cummings, 134 S.W.3d 835, 838B39 (Tex.
2004).  An appellate court cannot
conclude that a trial court abused its discretion merely because the appellate
court would have ruled differently in the same circumstances.  E.I. du Pont de Nemours & Co. v.
Robinson, 923 S.W.2d 549, 558 (Tex. 1995). 
An abuse of discretion does not occur when the trial court bases its
decisions on conflicting evidence.  In
re Barber, 982 S.W.2d 364, 366 (Tex. 1998) (orig. proceeding).  Furthermore, an abuse of discretion does not
occur as long as some evidence of substantive and probative character exists to
support the trial court=s decision.  Butnaru v. Ford Motor Co., 84 S.W.3d
198, 211 (Tex. 2002).

B.  Analysis

As set forth in the Greens= brief
and as gleaned from the reporter=s
record, the Adeath penalty sanctions@
referred to in their first issue are (1) the striking of their expert, Dr.
Wenig; (2) allowing Dr. Cook to notice the deposition of another expert, Dr.
Crow, at a place that Dr. Crow had not agreed to appear; and (3) not allowing
the videotaping of their other expert, Dr. Irwin.[5]

Bearing in mind the trial court=s
findings regarding the Greens=
violation of its October 29, 2007 order, that the trial court does not abuse
its discretion when it bases its decision on conflicting evidence, and the fact
that we cannot conclude that an abuse of discretion occurred merely because we
would have ruled differently, we cannot say that the trial court abused its
discretion in the actions that it took following its finding that its October
29, 2007 order had been violated.








Further, because we have held that the trial
court did not abuse its discretion by denying the Greens= motion
for continuance, the Greens have failed to show that the aforementioned
sanctions harmed them in some manner.  As
previously discussed, because this was a summary judgment hearing and not a
traditional trial on the merits, not only have they failed to demonstrate why
affidavit testimony could not have been procured to address the summary
judgment motion, but they have also failed to demonstrate what deposition
testimony would have been offered by the witnesses to rebut the summary
judgment motion.  Hence, we have nothing
to review to determine the effect, if any, on the summary judgment
hearing.  We overrule the Greens= first
issue.

                                          V.  Conclusion

Having overruled the Greens= two
issues, we affirm the trial court=s
judgment.

 

 

BOB
MCCOY

JUSTICE

 

PANEL: LIVINGSTON and
MCCOY, JJ.; and WILLIAM BRIGHAM, J. (Senior Justice, Retired, Sitting by
Assignment).

 

DELIVERED: February 5,
2009

 











[1]See Tex. R. App. P. 47.4.





[2]According to the Greens,
the court reporter for the 415th District Court was present at the hearing on
Dr. Cook=s motion for rehearing on
October 29, 2007.  However, when the
transcript was requested by the Greens= attorney for subsequent hearings, the court
reporter represented that there was no record of the hearing on that date, and
the exact proceedings on that date could not be presented for this appeal.





[3]According to rule 21a,
because the Greens= response was by fax and
after 5:00 p.m., it was counted as received on November 10.  See Tex. R. Civ. P. 21a.





[4]The nature of this second
funeral is not explained.





[5]Dr. Cook assumes in his
brief that the death penalty sanction complaint refers to the denial of the
Greens= motion for continuance,
but this is not supported in the record or argued in the Greens= briefing to this
court.  Furthermore, the trial court
ruled in a telephonic hearing that Dr. Cook=s attorney did not have to take the deposition of
Dr. Irwin that he had noticed and that the Greens= attorney was prepared to
videotape.  As there is no procedural
basis for considering this a sanction, as opposed to an incidental discovery
ruling, it will not be considered.  See
Tex. R. App. P. 47.1.